**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| JOSEPH A. MULLANEY, II, individually, and as spouse to Ann B. Mullaney, <br><br> and <br><br> ANN B. MULLANEY, individually, and as spouse to Joseph A. Mullaney, II, <br><br>          Plaintiffs, <br><br>     v. <br><br> J.C. CHRISTENSEN & ASSOCIATES, INC., a Minnesota Corporation, <br><br> and <br><br> XYZ CORPORATIONS I – X, fictitious unknown entities, <br><br> and <br><br> JEAN MILLER a/k/a John Doe I, individually, and as agent of J.C. Christensen & Associates, Inc. and XYZ Corporations, <br><br> and <br><br> JOHN DOE I a/k/a Jean Miller, individually, and as agent of J.C. Christensen & Associates, Inc. and XYZ Corporations, <br><br> and <br><br> JOHN DOES II – X, individuals, and as agents of J.C. Christensen & Associates, Inc. and XYZ Corporations, <br><br>          Defendants. | **DOCKET NO.:** <br><br> **CIVIL ACTION COMPLAINT** <br> **(Fair Debt Collection Practices Act)** <br><br> **JURY TRIAL DEMANDED** |

**JURISDICTION AND VENUE**

1.  Subject matter jurisdiction is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337; *in personam* jurisdiction is proper pursuant to 10 Del. C. § 3104; supplemental jurisdiction for state law claims is proper pursuant to 28 U.S.C. § 1367; and venue is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

2. Plaintiffs repeat the foregoing Paragraph as if it was reprinted herein below.

3. Plaintiff JOSEPH A. MULLANEY, II is a citizen of the State of Delaware.

4. Plaintiff ANN B. MULLANEY is a citizen of the State of Delaware.

5. Plaintiffs are husband and wife.

6. Defendant J.C. CHRISTENSEN & ASSOCIATES, INC. ("JCC") conducts business within the State of Delaware and is situated at 215 North Benton Drive, Sauk Rapids, MN  56379.

7. Defendants XYZ CORPORATIONS I – X ("XYZ Corporations"), fictitious unknown entities, conduct business within the State of Delaware.

8. Defendant JEAN MILLER a/k/a John Doe I, individually, and as agent of J.C. Christensen & Associates, Inc. and XYZ Corporations ("Miller"), conducts business within the State of Delaware and her place of business is at 215 North Benton Drive, Sauk Rapids, MN  56379.

9. Defendant JOHN DOE I a/k/a Jean Miller, individually, and as agent of J.C. Christensen & Associates, Inc. and XYZ Corporations ("John Doe"), conducts business within the State of Delaware and her place of business is at 215 North Benton Drive, Sauk Rapids, MN  56379.

10. Defendants JOHN DOES II – X, individuals, and as agents of J.C. Christensen & Associates, Inc. and XYZ Corporations ("John Does"), are unknown persons believed to be agents of Defendant JCC and XYZ Corporations.

**FACTUAL ALLEGATIONS**

11. Plaintiffs repeat the foregoing Paragraphs as if each was reprinted herein below.

12. The Defendants telephoned Plaintiffs approximately sixty-seven (67) times from about December 2006 to the present using autodialer

technology and leaving approximately sixty-seven (67) artificial and/or prerecorded voice messages.

13. Artificial and/or prerecorded voice messages that were retained by the Plaintiffs stated: "This is Jean Miller, and I really need to have a call back from you today. The number you can reach me is 1-800-858-9527. And you can reach me in my office from noon to 9:00 [p.m.] Monday and Tuesday and Wednesday through Friday from 8:00 a.m. to 5:00 p.m. Thank you."

14. Some artificial and/or prerecorded voice messages that were left on the following dates were retained by the Plaintiffs and include:

| Date | Number (Caller ID) | Company | Caller |
|---|---|---|---|
| 01/17/07 | (800) 858-9527 | J.C. Christensen & Associates | Jean Miller |
| 01/18/07 | (800) 858-9527 | J.C. Christensen & Associates | Jean Miller |
| 01/20/07 | (800) 858-9527 | J.C. Christensen & Associates | Jean Miller |
| 01/22/07 | (800) 858-9527 | J.C. Christensen & Associates | Jean Miller |
| 01/24/07 | (800) 858-9527 | J.C. Christensen & Associates | Jean Miller |
| 01/25/07 | (800) 858-9527 | J.C. Christensen & Associates | Jean Miller |
| 01/26/07 | (800) 858-9527 | J.C. Christensen & Associates | Jean Miller |
| 01/30/07 | (800) 858-9527 | J.C. Christensen & Associates | Jean Miller |
| 01/31/07 | (866) 350-8346 | J.C. Christensen & Associates | Jean Miller |
| 01/31/07 | (866) 350-8346 | J.C. Christensen & Associates | Jean Miller |
| 01/31/07 | (800) 858-9527 | J.C. Christensen & Associates | Jean Miller |
| 02/06/07 | (866) 350-8346 | J.C. Christensen & Associates | Jean Miller |
| 02/06/07 | (866) 350-8346 | J.C. Christensen & Associates | Jean Miller |
| 02/07/07 | (800) 858-9527 | J.C. Christensen & Associates | Jean Miller |
| 02/07/07 | (866) 350-8346 | J.C. Christensen & Associates | Jean Miller |
| 03/05/07 | (866) 350-8346 | J.C. Christensen & Associates | Jean Miller |
| 03/06/07 | (800) 858-9527 | J.C. Christensen & Associates | Jean Miller |
| 03/06/07 | (800) 858-9527 | J.C. Christensen & Associates | Jean Miller |

15. During the relevant time period, other artificial and prerecorded messages were played upon Plaintiffs answering the telephone.

16. Numerous times Plaintiffs advised Defendants that they were seeking an unknown person who did not reside at their address.

17. The Defendants knew or should have known that the unknown person was never a resident of Plaintiffs' household.

18. While Plaintiffs received the Defendants' numerous and harassing telephone calls containing artificial and prerecorded messages, Plaintiffs were enduring the severe illness of their daughter-in-law afflicted with brain cancer.

19. The numerous and harassing telephone calls containing artificial and prerecorded messages intruded, disturbed, and destroyed their right to peace and tranquility within their home during the time of their daughter-in-law's illness and subsequent death in March 2007.

## COUNT ONE
### (U.S. Fair Debt Collection Practices Act)

20. Plaintiff repeats the foregoing Paragraphs as if each was reprinted herein below.

21. Plaintiffs are "any persons" as the term is used and defined by 15 U.S.C. § 1692, *et seq*.

22. Defendants JCC, XYZ Corporations, Miller, and all the John Does are regularly engaged in the third-party collection of consumer debts, engaged in "communications" as defined by 15 U.S.C. § 1692a(2), and acted as "debt collectors" as defined by 15 U.S.C. § 1692a(6).

23. The acts and omissions of the Defendants violated 15 U.S.C. § 1692, *et seq.*, including, but not limited to:

    a.  Contacting Plaintiffs more than once in violation of 15 U.S.C. § 1692b(3).

    b.  Engaging in conduct whose natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

      c.     Causing Plaintiffs' telephone to ring repeatedly and continuously with intent to annoy, abuse, or harass the Plaintiffs at the called number in violation of 15 U.S.C. § 1692d(5).

      d.     Using false, deceptive, and misleading representations or means in connection with the collection of debt in violation of 15 U.S.C. § 1692e.

      e.     Using false representations and deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

      f.     Failing to identify the debt collection purposes of the numerous telephone calls in violation of 15 U.S.C. § 1692e(11).

      g.     Using unfair and unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

24. The Defendants caused the Plaintiffs to sustain damages.

**WHEREFORE**, Plaintiffs demand that judgment be entered against the Defendants for actual damages, statutory damages, costs, reasonable attorney's fees, and other relief as may be just and proper.

### COUNT TWO
### (U.S. Telephone Consumer Protection Act of 1991 and 47 C.F.R. 64.1200, *et seq.*)

25. Plaintiffs repeat and incorporate the preceding Paragraphs of this Civil Action Complaint as if each was reprinted herein below.

26. Plaintiffs controlled "customer premises equipment" as defined by 47 U.S.C. § 153(14), that originated, routed, and terminated telecommunications.

27. Plaintiffs are "persons" as defined by 47 U.S.C. § 153(32).

28. Defendants controlled "customer premises equipment" as defined by 47 U.S.C. § 153(14), that originated, routed, and terminated telecommunications.

29. Defendants engaged in "interstate communications" as defined by 47 U.S.C. § 153(22).

30. Defendants engaged in "telecommunications" as defined by 47 U.S.C. § 153(43).

31. Defendants controlled "wire communications" as defined by 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

32. Defendants controlled "automatic telephone dialing systems" as defined by 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

33. The acts and omissions of the Defendants violated 47 U.S.C. § 227, *et seq*. and 47 C.F.R. 64.1200, *et seq*., including, but not limited to:

    a.  The Defendants controlled automatic telephone dialing systems that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiffs.

    b.  The Defendants initiated telephone calls to Plaintiff's residential telephone line using artificial and/or prerecord voices to deliver messages without the express consent of the Plaintiffs in violation of 47 U.S.C. § 227(b)(1)(B).

    c.  The Defendants initiated communication to the Plaintiffs using an automatic telephone dialing system that was not in compliance with the technical and procedural standards prescribed by 47 U.S.C. § 227, and used an automatic telephone dialing system not in compliance with such standards in violation of 47 U.S.C. § 227(d)(1)(A).

    d.  The Defendants initiated communication to the Plaintiffs that failed to automatically release the Plaintiff's line within five (5) seconds of the time notification is transmitted to the system that the Plaintiffs hung up to allow for the Plaintiff's line to

        be used to make and/or receive other telephone calls in violation of 47 U.S.C. § 227(d)(3)(B).

    e.    The Defendants initiated artificial and/or prerecorded telephone communications to the Plaintiffs while failing at the beginning of the communications to state clearly their registered name in violation of 47 C.F.R. 64.1200(b)(1).

34.    The Defendants caused the Plaintiffs to sustain damages.

**WHEREFORE**, the Plaintiffs demand that judgment be entered against the Defendants, for actual damages, statutory damages in the amount of $500.00 for each artificial and/or prerecorded telephone call, trebled to $1500.00 for willfulness pursuant to 47 U.S.C. § 227(d)(3)(B), costs, reasonable attorney's fees, and other relief as may be just and proper.

**COUNT THREE**
**(Invasion of Privacy - Unreasonable Intrusion upon Seclusion)**

35.    Plaintiffs repeat and incorporate the preceding Paragraphs of this Civil Action Complaint as if each of them was reprinted herein below.

36.    The Defendants invaded the privacy of the Plaintiffs by unreasonably intruding upon their seclusion.

37.    The Defendants intentionally intruded, physically or otherwise, upon the solitude and/or seclusion of the Plaintiffs or their private affairs or concerns in a manner which was highly offensive to the Plaintiffs and other reasonable persons if same should be in similar positions.

38.    The Defendants' intentional intrusions, physical or otherwise, upon the solitude and/or seclusion of the Plaintiffs were substantial and highly offensive.

39.    The Defendants caused the Plaintiffs to sustain damages.

**WHEREFORE**, the Plaintiffs demand that judgment be entered against the Defendants, for actual damages, punitive damages, costs, reasonable attorney's fees, and other relief as may be just and proper.

**Plaintiffs demands a trial by jury.**

>                                         BY:  /s/ Vivian A. Houghton
>                                              Vivian A. Houghton, Esquire
>                                              800 West Street
>                                              Wilmington, DE 19801
>                                              Tel 302-658-0518
>                                              Fax 302-658-5731

℣JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-830

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ___5___ COPIES OF AO FORM 85.

___12/18/07___
(Date forms issued)

___Lucia C Spillan___
(Signature of Party or their Representative)

___LUCIA C Spillan___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action