UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH A. MULLANEY, II & ANN B. MULLANEY, H/W,<br><br>Plaintiffs,<br><br>vs.<br><br>J.C. CHRISTENSEN & ASSOCIATES, INC., JEAN MILLER, AND JOHN DOES I-X.<br><br>Defendants. | CASE No. 1:07-cv-830 |

**DEFENDANTS J.C. CHRISTENSEN & ASSOCIATES AND ITS EMPLOYEE, JANET MILLER'S ANSWER TO THE COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants, J.C. Christensen & Associates, and its employee, Janet Miller, a.k.a. Jean Miller (hereafter "Ms. Miller") (collectively "JCC" unless noted), through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby answer Plaintiffs' Complaint as follows:

ANSWER TO JURISDICTION AND VENUE

1.  Admitted in part and denied in part. JCC admits the allegations in paragraph 1 for purposes of jurisdiction and venue as to JCC. JCC denies the allegations in paragraph 1 as to Ms. Miller. JCC denies any liability or wrongful conduct to the extent it is alleged in paragraph 1.

ANSWER TO PARTIES

2.  No response is required as this paragraph simply incorporates the preceding paragraph by reference.

1

3. Denied. JCC denies the allegations in this paragraph because, after reasonable investigation, JCC is without information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 3.

4. Denied. JCC denies the allegations in this paragraph because, after reasonable investigation, JCC is without information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 4.

5. Denied. JCC denies the allegations in this paragraph because, after reasonable investigation, JCC is without information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 5.

6. Admitted.

7. Denied. JCC denies the allegations in this paragraph because, after reasonable investigation, JCC is without information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 7.

8. Admitted in part and denied in part. JCC admits that, at times, it attempts to collect debts in the State of Delaware and admits that Ms. Miller is an employee of JCC. JCC denies the remaining allegations in this paragraph because, after reasonable investigation, JCC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of Paragraph 8.

9. Denied. JCC denies the allegations in this paragraph because, after reasonable investigation, JCC is without information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 9.

10. Denied. JCC denies the allegations in this paragraph because, after reasonable investigation, JCC is without information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 10.

## ANSWER TO THE FACTUAL ALLEGATIONS SET OUT IN PLAINTIFFS' COMPLAINT

11. No response is required as this paragraph simply incorporates preceding paragraphs by reference.

12. Denied. JCC denies making sixty-seven telephone calls and demands strict proof as to these claims.

13. Denied. JCC denies Plaintiffs' attempt to characterize any recordings allegedly in their possession in this paragraph and demands strict proof of these claims.

14. Denied. JCC denies Plaintiffs' listing of 18 telephone calls attempting to communicate with either Plaintiff, purportedly from JCC in the two-month period set out in this paragraph and demands strict proof of these claims.

15. Denied. JCC denies the allegations in this paragraph because, after reasonable investigation, JCC is without information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 15.

16. Denied. JCC denies that Plaintiffs advised JCC that they were seeking an unknown person who did not reside at their address until March 6, 2007, when a person identifying herself as Ann Brady called JCC and notified JCC that the telephone number was the wrong telephone number for her former husband - the debtor (after JCC received an earlier call on March 6, 2007 from counsel Joseph Mullaney, also alerting JCC that the telephone number was the wrong number for the "unknown person" debtor).

17. Denied. A factual basis for these allegations is demanded of Plaintiffs.

18. Denied. JCC denies Plaintiffs received harassing telephone calls in the course of JCC's efforts to collect on a valid and delinquent debt. JCC denies the remaining allegations in this paragraph because, after reasonable investigation, JCC is without information sufficient to form a belief as to the truth or falsity of the remaining averments in Paragraph 18.

19. Denied. JCC denies Plaintiffs received harassing telephone calls in the course of JCC's efforts to collect on a valid and delinquent debt and denies that its calls intruded upon the privacy of either Plaintiff. JCC denies the remaining allegations in this paragraph because, after reasonable investigation, JCC is without information sufficient to form a belief as to the truth or falsity of the remaining averments in Paragraph 19.

## ANSWER TO COUNT I OF THE COMPLAINT

20. No response is required as this paragraph simply incorporates preceding paragraphs by reference.

21. Denied. JCC denies that the FDCPA defines the term "any persons". See 15 U.S.C. §1692a. JCC further denies the allegations in paragraph 21 because they consist of legal conclusions, not factual averments. To the extent a response is required, the allegations in paragraph 21 are denied.

22. Admitted in part and denied in part. JCC admits that, at times, JCC collects on debts due to others and in the course of collection efforts, JCC lawfully conveys information to debtors and others. JCC further admits that, at times, its conduct renders it a debt collector as the term is defined under the FDCPA. JCC denies that allegations in this paragraph to the extent they are directed to XYZ Corporations, Ms. Miller (in her individual capacity as opposed to her capacity as

a representative of JCC), and John Does. Unless otherwise admitted, JCC denies the allegations in this paragraph.

23.    Denied.  JCC denies the allegations in paragraph 23 and its subparagraphs (a)-(g) because they consist of legal conclusions, not factual averments. To the extent a response is required, the allegations in paragraph 23 and its subparagraphs (a)-(g), are each denied.

24.    Denied. JCC denies its conduct violated the FDCPA and denies that its conduct was a direct or proximate cause of any harm or injury to either Plaintiff and denies liability for the purported injuries claimed by plaintiff and the damages that purportedly flow therefrom. Strict proof of causation and the measure of damages of each Plaintiff's claims under the FDCPA purportedly arising as a result of the specific conduct of JCC is demanded of each Plaintiff.

## ANSWER TO COUNT II OF THE COMPLAINT

25.    No response is required as this paragraph simply incorporates preceding paragraphs by reference.

26.    Admitted in part and denied in part. JCC denies the allegations in paragraph 26 because they consist of legal conclusions, not factual averments. To the extent a response is required, JCC denies these legal conclusions.  On information and belief, JCC admits that Plaintiffs presumably own a telephone.

27.    Denied. JCC denies the allegations in paragraph 27 because they consist of legal conclusions, not factual averments. To the extent a response is required, JCC denies these legal conclusions.

28.    Admitted in part and denied in part. JCC denies the allegations in paragraph 28 because they consist of legal conclusions, not factual averments. To

the extent a response is required, JCC denies these legal conclusions. JCC admits that it uses telephones to collect on debts owed to third parties. JCC denies that its conduct is subject to Telephone Consumer Protection Act of 1991.

29. Denied. JCC denies the allegations in paragraph 29 because they consist of legal conclusions, not factual averments. To the extent a response is required, JCC denies these legal conclusions.

30. Denied. JCC denies the allegations in paragraph 30 because they consist of legal conclusions, not factual averments. To the extent a response is required, JCC denies these legal conclusions.

31. Denied. JCC denies the allegations in paragraph 31 because they consist of legal conclusions, not factual averments. To the extent a response is required, JCC denies these legal conclusions.

32. Denied. JCC denies the allegations in paragraph 32 because they consist of legal conclusions, not factual averments. To the extent a response is required, JCC denies these legal conclusions.

33. Denied. JCC denies the allegations in paragraph 33 and its subparagraphs (a)-(e) because they consist of legal conclusions, not factual averments. To the extent a response is required, JCC denies that it is a telemarketer or advertiser soliciting sales via automated dialers and, therefore, denies that 47 U.S.C. §227, et seq., or 47 C.F.R. 64.1200, et seq., are applicable to the conduct of debt collectors collecting on pre-existing obligations via automatic telephone dialing systems. <u>See</u> 47 C.F.R. 64.1200(a)(2)ii & iii. Further, JCC denies it controls automatic telephone dialing systems that stored or

produced telephone numbers using random or sequential number generation. A factual basis to the contrary is demanded of Plaintiffs.

34.  Denied. JCC denies its conduct violated the TCPA and denies that the TCPA is applicable to JCC. JCC further denies that its conduct was a direct or proximate cause of any harm or injury to either Plaintiff and denies liability for the purported injuries claimed by plaintiff and the damages that purportedly flow therefrom. Strict proof of the applicability of the TCPA to JCC, causation and the measure of damages of each Plaintiff's claims under the TCPA purportedly arising as a result of the specific conduct of JCC is demanded of each Plaintiff.

### ANSWER TO COUNT III OF THE COMPLAINT

35.  No response is required as this paragraph simply incorporates preceding paragraphs by reference.

36.  Denied. JCC denies the allegations in paragraph 36 because they consist of legal conclusions, not factual averments. To the extent a response is required, JCC denies invading either Plaintiff's privacy by intruding upon either Plaintiff's seclusion.

37.  Denied. JCC denies the allegations in paragraph 37 because they consist of legal conclusions, not factual averments. To the extent a response is required, JCC denies intruding upon either Plaintiff's seclusion.

38.  Denied. JCC denies the allegations in paragraph 38 because they consist of legal conclusions, not factual averments. To the extent a response is required, JCC denies intruding upon either Plaintiff's seclusion and denies engaging in any substantial and highly offensive conduct. A factual basis for these conclusory allegations is demanded of both Plaintiffs.

39. Denied. JCC denies its conduct violated the FDCPA, the inapplicable TCPA, or invaded either Plaintiff's privacy and denies that its conduct was a direct or proximate cause of any harm or injury to either Plaintiff and denies liability for the purported injuries claimed by Plaintiff and the damages that purportedly flow therefrom. Strict proof of causation and the measure of damages of each Plaintiff's tort claims purportedly arising as a result of the specific conduct of JCC is demanded of each Plaintiff.

WHEREFORE, defendant, J.C. Christensen & Associates, on its own behalf and on behalf of its employee, Janet Miller, a/k/a Jean Miller, respectfully requests that this Answer be deemed good and sufficient, that Plaintiffs' lawsuit be dismissed, with prejudice, at Plaintiffs' cost, that pursuant to federal law, plaintiff be ordered to pay reasonable attorney's fees and costs for JCC, and for all other general and equitable relief.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims pursuant to the FDCPA, the inapplicable TCPA or under color of the tort of invasion of privacy / intrusion upon seclusion

## SECOND AFFIRMATIVE DEFENSE

Congress expressly limited the applicability of the TCPA to telemarketers. See Congressional findings (1-15). Act Dec. 20, 1991, P.L. 102-243, §2, 105 Stat. 2394. While the FDCPA is applicable to communications by debt collectors collecting on consumer debts owed to another, it is clear that the TCPA is not

applicable to debt collection agencies using automated dialers for the purpose of collecting on debts.

## THIRD AFFIRMATIVE DEFENSE

By definition, the automated dialers utilized by JCC do not fall under the statutory definition subjecting JCC to the TCPA. The telephone number provided by the creditor was uploaded to an automated dialer by JCC and was neither randomly nor sequentially generated. By the plain and unambiguous language of the TCPA, the TCPA does not apply to automated dialers where the numbers called are not random or sequential. See 47 U.S.C. §227(a)(1).

## FOURTH AFFIRMATIVE DEFENSE

Even if the TCPA is somehow applicable to JCC, Plaintiffs lack standing to bring private actions on, purported technical violations of the TCPA under 47 U.S.C. §227(d). A private right of action under the TCPA for telemarketers using randomly generated or serial automatic dialers, (as opposed to JCC) exists only under Section 227(b). See 47 U.S.C. §227(b)(3). Plaintiffs lack standing to pursue claims under Section 227(d).

## FIFTH AFFIRMATIVE DEFENSE

Even if JCC was a telemarketer or was faxing some kind of advertising, Title 47, Subpart L - Restrictions on Telemarketing, Telephone Solicitation and Facsimile Advertising - Delivery Restrictions - 47 C.F.R 64.1200 - provides no private right of action for purported violations. See 42 C.F.R. 64.1200.

## SIXTH AFFIRMATIVE DEFENSE

In the event either plaintiff is able to adequately plead a violation of the FDCPA as to all defendants, each plaintiff's entitlement to statutory damages

9

under the FDCPA is capped at $1,000 per action not per violation or per defendant. See <u>Goodmann v. People's Bank, et al</u>, 2006 U.S. App LEXIS 31555 (3rd Cir. Dec. 21, 2006); <u>Brown v. Law Offices of Butterfield</u>, 2004 U.S. Dist. LEXIS 9822, *16 n8, Civil Action No. 03-CV-05850 (ED Pa., May 24, 2004); <u>Dowling v. Kucker Kraus & Bruh, LLP</u>, 2005 U.S. Dist. LEXIS 11000 (S.D.N.Y. 2005) <u>Mann v. Acclaim Fin. Servs</u>., 348 F. Supp. 2d 923, 926 (SD. Ohio 2004); and see <u>Ganske v. Checkrite, Ltd.</u>, 1997 U.S. Dist. LEXIS 4345, 12-13 (D. Wis. 1997): <u>Wright v. Finance Service of Norwalk, Inc.</u>, 22 F.3d 647, 650-51 (6th Cir. 1994); <u>Harper v. Better Business Services, Inc.</u>, 961 F.2d 1561, 1563 (11th Cir. 1992); <u>Donahue v. NFS, Inc.</u>, 781 F. Supp. 188, 191 (W.D.N.Y. 1991); <u>Wiener v. Bloomfield</u>, 901 F. Supp. 771, 778 (S.D.N.Y. 1995); <u>Teng v. Metropolitan Retail Recovery</u>, 851 F. Supp. 61, 69 (E.D.N.Y. 1994); <u>Beattie v. D.M. Collections, Inc</u>., 764 F. Supp. 925, 928 (D.Del. 1991); <u>Harvey v. United Adjusters</u>, 509 F. Supp. 1218, 1222 (D.Or. 1981).

### SEVENTH AFFIRMATIVE DEFENSE

Even if JCC violated the FDCPA, which is denied, Plaintiffs have incurred no actual damages as a result of the alleged conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Neither plaintiff has incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, improper denial nor any loss of credit opportunities, improperly diminished credit score, emotional distress, out-of-pocket harm or other injuries justifying a claim for actual damages as a result of the permissible, reasonable and appropriate conduct of JCC.

### NINTH AFFIRMATIVE DEFENSE

In order to bring a claim for Invasion of Privacy Intrusion on Seclusion, each Plaintiff has the burden of proving (1) there was an intentional intrusion; (2) upon the solitude or seclusion of each plaintiff, or his or her private affairs or concerns; and (3) that the intrusion was substantial; <u>and</u> (4) highly offensive. <u>Tucker v. Merck & Co.</u>, 102 Fed. Appx. 247, 256 (3d Cir. 2004). Neither plaintiff can demonstrate that the acts of JCC, even if accurately alleged, caused a substantial or highly offensive intrusion into the private affairs of either plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k, to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such error.

### ELEVENTH AFFIRMATIVE DEFENSE

Any harm incurred by either plaintiff was the result, in whole or in part, of each Plaintiff's own conduct or the conduct of third parties over which JCC exercised no control or authority and for whom JCC is not responsible or liable. Therefore, actual damages incurred by either plaintiff, if any, should be reduced or allocated accordingly.

### TWELFTH AFFIRMATIVE DEFENSE

Even if the TCPA is applicable to JCC, and Plaintiff's have standing to assert private claims under the TCPA and it is determined that JCC violated the TCPA, Plaintiffs have failed to plead and cannot assert any viable allegations of willfulness on the part of JCC entitling Plaintiffs to treble recovery under the TCPA.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that either Plaintiff's claims are barred by applicable statute of limitation, JCC does not waive applicable statute of limitation upon any of the claims set forth in the Complaint and claims which could have been set forth in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

This Court lacks personal jursidiction over the Defendant, Janet Miller, (a.k.a. Jean Miller).  Therefore, Plaintiffs' claims against the Defendant, Janet Miller, should be dismissed for lack of personal jurisdiction.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses as further investigation and discovery may demonstrate.

WHEREFORE, defendant, J.C. Christensen & Associates, on its own behalf and on behalf of its employee, Janet Miller, a/k/a Jean Miller, respectfully requests that this Answer be deemed good and sufficient, that Plaintiffs' lawsuit be dismissed, with prejudice, at Plaintiffs' cost, that pursuant to federal law, plaintiff be ordered to pay reasonable attorney's fees and costs for JCC, and for all other general and equitable relief.

    Respectfully submitted,

    MARSHALL, DENNEHEY, WARNER,
      COLEMAN & GOGGIN


    BY */s/ Vicki L. Goodman (Id. No. 4861)*
      Vicki Goodman, Esquire
      1220 N. Market Street, 5th Floor
      P.O. Box 8888, Wilmington, DE 19899-8888

           **Direct Dial: (302) 552-4348**
           **Facsimile: (302) 651-7905**
           **Attorney for Defendants J.C. Christensen**
           **& Associates, and its employee, Janet**
           **Miller**

**DATED:     April 8, 2008**                                                                 15/602932.v1